**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRIAN EDWARD PRESTON #459126** | § | |
| | § | |
| **V.** | § | **A-16-CA-897-RP** |
| | § | |
| **TEXAS BOARD OF PARDONS AND PAROLES and STUART JENKINS** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The undersigned magistrate judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges.

Before the Court is Plaintiff's civil rights complaint (Document No. 1). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Ellis Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Plaintiff files this action pursuant to 42 U.S.C. § 1983 alleging he was unlawfully classified as a sex offender while released on mandatory supervision, his mandatory supervision was revoked, he is still classified as a sex offender in prison, and he is improperly reviewed for parole.

On June 5, 1987, Plaintiff entered a plea of guilty to murder, which he committed on or about January 28, 1987. See Preston v. Thaler, No. H-10-CV-4365 (S.D. Tex.) (Doc. #25). Plaintiff was

sentenced to 60 years in prison. Id. Petitioner was released on mandatory supervision on December 27, 2007. Id. According to Plaintiff, Special Condition X was imposed on his mandatory supervision on May 2, 2008. On August 14, 2009, Plaintiff's mandatory supervision was revoked Id. According to Plaintiff, in October 2009, he was reviewed for parole and was given notice that Special Condition X would be imposed. Plaintiff asserts he wrote an objection and was given a three-year set-off until February 2013. Plaintiff states he is now reviewed for parole annually, and each year he is given notice of Special Condition X, he objects, and parole is denied. Plaintiff sues the Texas Board of Pardons and Paroles (the "Board") and Stuart Jenkins. He requests that any mention of Plaintiff being a sex offender be taken out of his records and that his mandatory supervision be reinstated.

## II. ANALYSIS

### A. Standard

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

**B. Eleventh Amendment**

The Texas Board of Pardons and Paroles is immune from suit under the Eleventh Amendment. The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. Port Auth. Trans-Hudson v. Feeney, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. Green v. State Bar of Texas, 27 F.3d 1083, 1087 (1994).

**C. Revocation of Mandatory Supervision**

To the extent Plaintiff challenges the revocation of his mandatory supervision and seeks to be reinstated on mandatory supervision Plaintiff must seek relief in an application for habeas corpus relief. The Court notes Plaintiff challenged the revocation of his mandatory supervision in a federal application for habeas corpus relief in Cause No. H-10-CV-4365, filed in the Houston Division of the Southern District of Texas. The Houston court denied Plaintiff relief on June 4, 2012. Therefore, the Court lacks jurisdiction to consider Plaintiff's claim for habeas corpus relief until he receives permission from the Fifth Circuit Court of Appeals to file a successive habeas corpus application.[1]

**D. Board of Pardons and Paroles's Classification**

Plaintiff's claims relating to the imposition of Special Condition X in 2008 are time-barred. Similarly, Plaintiff's claims challenging the review of his parole in 2009, 2013, and 2014 are also time-barred. Because Congress has not provided a statute of limitations for civil-rights actions

[1] Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3).

brought under section 1983, federal courts adopt the forum state's general personal-injury limitations period. Flores v. Cameron Cty., Tex., 92 F.3d 258, 271 (5th Cir. 1996). In Texas, the pertinent limitations period is two years. Id.; see also TEX. CIV. PRAC. & REM. CODE § 16.003(a). "The cause of action accrues, so that the statutory period begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action." Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir. 1998). Where there is a continuing violation, however, the two-year limitations period does not begin to run until the end of the continuing violation. See Dews v. Town of Sunnyvale, 109 F. Supp. 2d 526, 563 (N.D. Tex. 2000). "To establish a continuing violation, however, the plaintiff must establish that the unconstitutional or illegal act was a part of 'standing operating procedure,' a fixed and continuing practice." Perez v. Laredo Junior Coll., 706 F.2d 731, 733 (5th Cir. 1983). A plaintiff cannot use the continuing violation theory to resurrect claims alleging a civil rights violation "concluded in the past, even though its effects persist." McGregor v. La. State Univ. Bd. of Supervisors, 3 F.3d 850, 867 (5th Cir. 1993).

By Plaintiff's own admission, he was first told he was labeled a "sex offender" in 2008 and he was told in each of his subsequent parole reviews he was being considered as a sex offender. Plaintiff executed his complaint on July 19, 2016, well more than two years after Special Condition X was imposed in 2008, and after his parole reviews in 2009, 2013, and 2014. He does not claim that he was unaware of the actions of the defendants or their immediate effects. There is no question but that the events of which he complains would "in fairness and logic . . . have alerted the average lay person to act to protect his rights." Glass v. Petro-Tex Chemical Corp., 757 F.2d 1554, 1560 (5th Cir. 1985). Accordingly, the claims Plaintiff raises regarding the imposition of Special Condition

X in 2008 and his subsequent parole reviews in 2009, 2013, and 2014 are barred by the applicable statute of limitations.

With regard to Plaintiff's complaint that in his parole reviews for 2015 and 2016 he was also identified as a sex offender, that complaint was filed within two years of these reviews, and these claims are timely. In summary, Plaintiff alleges that he is now reviewed for parole annually. He claims at every parole review he is presented with Coleman notice that he is being considered for Special Condition X even though he was not convicted of a sex offense. He admits he is provided the opportunity to submit objections.

Over the past decade several cases have addressed the constitutionality of Texas's policy of imposing and enforcing sex-offender conditions on parolees who have never been convicted of a sex offense. First, in Coleman v Dretke, the Fifth Circuit held that Texas was required to provide procedural due process protections before imposing sex-offender registration and therapy as conditions on the release on parole or mandatory supervision of a prisoner who had never been convicted of a sex crime. See Coleman v. Dretke, 395 F.3d 216, 222–23 (5th Cir. 2004). The procedures required by Coleman included a hearing, and a finding that the prisoner "constitute[d] a threat to society by reason of his lack of sexual control." Id. at 225. Following Coleman, Texas implemented a process to comply with its view of Coleman's mandate, but continued to subject parolees never convicted of a sex offense to sex-offender conditions as a condition of mandatory supervision and parole. These procedures were then challenged in the case of Meza v. Livingston, 607 F.3d 392 (5th Cir. 2010). As explained in Meza, the Board of Pardons and Paroles's post-Coleman procedures involved an administrative review of a parolee's file by the Board of Pardons and Paroles to determine whether the Board should impose sex-offender conditions. Id. Although

the Board provided parolees with written notice that their parole or mandatory supervision might be conditioned on sex-offender registration and treatment, a parolee only had the opportunity to respond with written statements or documents contesting the imposition of such conditions, and had no right to be heard in person. Id. A panel of the Board then held a hearing, at which a representative of TDCJ offered a short presentation. Id. Neither the parolee nor his attorney were allowed to attend the panel's hearing or present facts or arguments on behalf of the parolee. Id. at 398. After a hearing, the Board voted on the imposition of sex-offender conditions without producing any written findings, informing the parolee of the facts on which the Board based its decision, or providing the parolee with a right to appeal the Board's decision. Id.

In May 2010, the Fifth Circuit held that these procedures were constitutionally deficient. The court made it abundantly clear that it meant what it said in Coleman. See id. at 403. The court stated that sex-offender conditions could only be imposed on individuals who did not have a sex offense conviction if the individual has received due process, and that process requires, at a minimum, (1) written notice that sex-offender conditions may be imposed, (2) disclosure of the evidence being presented against the parolee, (3) a hearing at which the parolee is permitted to be heard in person, present evidence, and call witnesses, (4) an impartial decision maker, and (5) a written statement by the factfinder as to the evidence relied upon and the reasons for its decision. Id. at 409. A year after the Fifth Circuit's decision in Meza, the Texas Court of Criminal Appeals granted habeas corpus relief to a Texas parolee who had not been convicted of a sex offense, and yet whose parole had been revoked for violation of sex-offender conditions imposed under the post-Coleman procedures found constitutionally deficient in Meza. See Ex Parte Evans, 338 S.W.3d 545, 552 (Tex. Crim. App.

2011). Evans's relief included immediate reinstatement of his release on mandatory supervision and removal of "Special Condition X" from the terms of his parole. Id. at 556.

With respect to Plaintiff's claims that are not time-barred, Plaintiff has not been granted parole and has not had release on parole conditioned on complying with sex offender restrictions. In effect, Plaintiff is contending that the same procedures Coleman and Meza require before a parolee may be subjected to sex offender conditions should also apply when an inmate who the Board considers to be a sex offender is simply being reviewed for parole. This claim fails, however, because due process protections only apply when a liberty interest is being threatened, and a prisoner does not have a liberty interest in being granted parole.

Under well-established federal law, persons incarcerated in prison do not have a liberty interest in being released on parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Texas law also makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or parole procedures. See Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds). It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers. Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole. See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right,

and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law."). An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole. See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).

As explained by the Fifth Circuit, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." Johnson, 110 F.3d at 308 (citations omitted). In Johnson, the Fifth Circuit held the allegation that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, did not assert a federal constitutional violation. Id. "[I]n the absence of a cognizable liberty interest, a state prisoner cannot challenge parole procedures under the Due Process Clause." Id. at 309 n.13. Because Plaintiff has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions. Orellana, 65 F.3d at 31. Thus, Texas is not required by the Due Process Clause to give Plaintiff any procedural protections when it considers him for parole, even if the records the parole panel bases its decision on classify the Plaintiff as a sex offender.

## III. RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff be warned

that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). If this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the U. S. District Court for the Eastern District of Texas.

**IV. OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. en banc, 1996).

SIGNED this 3rd day of August, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE